NANCY MILLER v. L. F. CHURCHILL and W. H. MILLER, Administrators of Martha T. Miller.

*Will—Construction of—Natural Heirs.*

Where a testatrix bequeathed a certain sum each to her two sisters M and N, " and in the event of the death of either without *natural heirs,* the amount I have bequeathed shall go to the survivor ;" *Held* that the words " natural heirs " mean children or issue ; and upon the death of M, the bequest to her goes to N.

CONTROVERSY without action (C. C. P. § 315) involving the

Construction of a Will submitted at Fall Term, 1877, of Rutherford Superior Court, to *Kerr, J.*

The only part of the will of the testatrix (Ann E. Birchett), material for the decision of the Court, is as follows: "I bequeath to my sisters Nancy (plaintiff) and Martha (defendants' intestate) each one thousand dollars * * * and in the event of the death of either without leaving *natural heirs*, the amount I have bequeathed, shall go to the survivor." Martha died without issue, and the question to be decided is,—whether Nancy takes her legacy as her survivor.

His Honor being of opinion with the plaintiff gave judgment in her favor for the amount of said legacy to be paid by the defendants out of the assets in their hands belonging to the estate of their intestate. From which judgment the defendants appealed.

*Messrs. Shipp & Bailey,* for plaintiff.
*Mr. W. J. Montgomery,* for defendants.

Faircloth, J. (After stating the case as above.) The word "heirs" is *nomen generalissimum* and in a comprehensive sense may include all kinds of heirs; and so, *natural* heirs may do the same thing. The common understanding would say at once that natural heirs meant children, and looking at the situation and relation of the parties and all the circumstances, we think this was the meaning of the testatrix. She well understood that no one could have unnatural heirs; and as the word heirs alone might include both lineal and collateral, we think she intended something less than the whole class, and that she meant, children or issue, by the term *natural* heirs.

Again, if it be understood to mean heirs generally, then the proposition is fatal to itself, inasmuch as it was impossible for either to die without an heir. Upon the death of

either one, the other was her collateral heir. *Reductio ad absurdum.* Our conclusion derives force from Battle's Revisal, ch. 42 §§ 3, 5.

No error.

PER CURIAM.                    Judgment affirmed.